UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

|  |  |
|---|---|
| NAVIGATORS INSURANCE COMPANY, and THE HARTFORD FINANCIAL SERVICES GROUP | ) ) ) ) ) |
| *Plaintiffs,* | ) ) Case No. 23-24424 |
| *vs.* | ) ) ) |
| SKANSKA USA CIVIL SOUTHEAST INC. | ) ) |
| *Defendants.* | ) |

## COMPLAINT (WITH JURY DEMAND)

Plaintiffs, Navigators Insurance Company and The Hartford Financial Services Group (collectively, "Cashman's Insurers"), for their Complaint against Defendant Skanska USA Civil Southeast, Inc. ("Skanska"), state and allege as follows:

## PARTIES

1. Plaintiff Navigators Insurance Company ("Navigators") is a New York domiciled insurance company corporation with its principal place of business at One Penn Plaza, 50th Floor, New York, NY 42307.

2. Plaintiff Hartford Financial Services Group ("Hartford") is the financial holding company of Navigators and a Delaware corporation with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

3. Navigators and Hartford are the marine insurers of Cashman Equipment Corp. ("Cashman"), a Massachusetts company with its principal place of business at 60 Brooks Road, Braintree, Norfolk County, Massachusetts 02184 (collectively, they are referred to as

"Cashman's Insurers"), and Cashman's Insurers are standing in Cashman's shoes for the purpose of bringing their subrogation claims herein.

4. Defendant Skanska is a Florida corporation, with its principal place of business in Maitland, Florida.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, in that this is an action based upon maritime activities and maritime contracts and activities related thereto.

6. Alternatively, jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, in that this is an action between completely diverse parties and Plaintiffs' claims against defendant exceed $75,000.00.

7. Venue is proper before this Honorable Court insofar as the claims asserted herein arise out of Skanska's negligent acts and omissions allowing and/or causing Cashman's barges to break free from their moorings within this District, the resulting property damages that occurred within this District, and the property damage payments made by Navigators, Hartford, and Cashman, for which they seek reimbursement via subrogation were all made within this District.

## THE FACTS APPLICABLE TO ALL COUNTS

8. In 2019, Cashman chartered its barges, the JMC 188 and 232 to Atlantic Marine Contractors ("AMC") to be utilized on Skanska's Pensacola Bay Bridge project (the Project"). AMC was a subcontractor of Skanska.

9. In the spring of 2020, Skanska terminated or otherwise dismissed AMC from the Project. Cashman's barges remained on site.

10. Following AMC's dismissal, Skanska took possession of Cashman's barges for its own use on the Project. The terms of Skanska's use and possession were negotiated both verbally and through email correspondence.

11. Skanska then utilized Cashman's barges on the Project.

12. On September 16, 2020, when Hurricane Sally struck the Gulf Coast, Skanska had exclusive control and unfettered possession of Cashman's barges. However, despite knowledge of the expected weather conditions, Skanska declined to move Cashman's barges to a safe harbor or other protected area.

13. Instead, Skanska negligently moored Cashman's barges in Pensacola Bay, exposed to the incoming weather.

14. As a result of Skanska's negligence, Cashman's barges broke free. The JMC 188 struck several properties on the western shore of Garcon Point and the JMC 232 struck several properties in the Peak's Point area in Gulf Breeze.

15. Subsequent to these allisions, Skanska dispatched surveyors and/or adjusters to the impacted properties, ostensibly to evaluate the damages and adjust the property owners' claims.

16. However, after several months of ignoring the property owners, Skanska ultimately refused to adjust the claims or compensate the property owners for their losses.

17. Several months after Skanska's initial inspections of the properties, the property owners contacted Cashman to make claims for their damages. Cashman submitted these claims to its insurer(s), Navigators and Hartford.

18. Navigators and Hartford accepted the claims, and as required by the insurance contract issued to Cashman, inspected the damages, adjusted the claims and settled them.

**CLAIMS FOR RELIEF**

**COUNT I**

**Contractual Subrogation**

19. Plaintiffs incorporate by this reference each and every allegation of each of the preceding paragraphs of this Complaint.

20. Marine Policy of Insurance NY19MPK15674101 was issued to Cashman by its insurers and provided coverage for the JMC 188 and JMC 232, and which was responsive to the property damage claims made against Cashman.

21. Pursuant to its contractual obligations, Navigators and Hartford: received these claims, appointed an adjuster to inspect the properties, adjusted the claims, and settled said claims on the best possible terms.

22. As of this filing, Navigators and Hartford have remitted $93,065.20 to the property owners who sustained damages as a result of the JMC 232, and full and final Releases were obtained. These Releases included a waiver of all claims by the property owners against Cashman, its Insurers and Skanska.

23. As of this filing, Navigators and Hartford have remitted $239,517.25 to the property owners who sustained damages as a result of the JMC 188, and full and final Releases were obtained. These Releases included a waiver of all claims by the property owners against Cashman, its Insurers and Skanska.

24. Navigators and Hartford paid these damages due to the contractual arrangement with Cashman, and pursuant to this contract, Cashman's rights of recovery from Skanska were transferred to Navigators and Hartford to the extent of the damages paid by Navigators and Hartford.

25. Pursuant to contractual subrogation, Skanska is obligated to Cashman's Insurers for these sums.

## COUNT II

### Equitable Subrogation

26. Plaintiffs incorporate by this reference each and every allegation of each of the preceding paragraphs of this Complaint.

27. To the extent necessary or applicable, Plaintiffs' assertions in Count II are made in the alternative.

28. Cashman's Insurers paid these damage claims to protect their own interests, insofar as a refusal to pay same would have exposed it to legal claims from its insured and the property owners who were damaged.

29. Cashman's Insurers were not primarily liable for these property damages, insofar as they were the insurer.

30. Cashman's Insurers paid off the entirety of the debt insofar as they were required to do so by contract.

31. The subrogation of these rights of recovery to Cashman's Insurers work no injustice to any third party's rights.

32. Pursuant to equitable subrogation, Skanska is obligated to Cashman's Insurers for the sums paid by them.

## COUNT III

### Common Law Indemnity

33. Plaintiffs incorporate by this reference each and every allegation of each of the preceding paragraphs of this Complaint.

34. To the extent necessary or applicable, Plaintiffs' assertions in Count III are made in the alternative.

35. Cashman's Insurers were blameless for the damages caused as a result of the breakaway of Cashman's barges JMC 188 and JMC 232 while they were being utilized by Skanska.

36. Cashman's Insurers therefore seek indemnity from the true party at fault, Skanska.

37. A special relationship existed insofar as Cashman's Insurers had issued a policy of insurance that was in effect and provided coverage to the Cashman barges, even while they were under the control of, and utilized by Skanska.

## DEMAND FOR JURY TRIAL

38. Plaintiffs demand a trial by jury on all Counts and claims set forth in this Complaint and every defense and counterclaim asserted thereto.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs Navigators Insurance Company and The Hartford Financial Services Group pray for judgment in their favor and against Defendant, Skanska USA Civil Southeast, Inc. for all losses and damages described herein, plus pre- and post-judgment interest, contractual interest, attorneys' fees, costs, expenses of litigation, and all such other relief, at law, admiralty, and equity, as the Court deems just and appropriate.

*/s/ Scott Brownell*
_____
Scott D. Brownell (Louisiana Bar #26223)
*SCOTT D. BROWNELL, APLC*
527 E. Boston St., Suite 201
Covington, LA  70433
Phone: (504) 390-1982
Fax:  (985) 387-5087

E-mail: scott@sbrownell.com

*Attorney for Navigators Insurance Company and
The Hartford Financial Services Group*